## 16th Cause of Action

150.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 149 above.

151.    By failing to curb the widespread pattern of brutality against Plaintiffs at Esmor Elizabeth, Defendant I.N.S. Officials violated Plaintiffs' right to be free from cruel, inhuman or degrading treatment, in direct violation of the International Covenant on Civil and Political Rights, Article 7, and in violation of customary international law as informed by the American Convention on Human Rights, Article 5(2), the Universal Declaration of Human Rights, Article 5, the European Convention on the Protection of Human Rights and Fundamental Freedoms, Article 3, the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Article 16(1), the United Nations Economic and Social Council Resolution on the Standard Minimum Rules for the Treatment of Prisoners, Rule 31, the United Nations General Assembly Resolution on the Body of Principles for the Protection of All Persons Under Any Form of Detention or Imprisonment, Principle 6, the United Nations General Assembly Resolution on the Code of Conduct for Law Enforcement Officials, Article 5, the Inter-American Convention to Prevent and Punish Torture, Article 6, and the African Charter on Human and Peoples' Rights, Article 5.

## 17th Cause of Action

152.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 151 above.

153. Defendant I.N.S. Officials acted with deliberate indifference towards Plaintiffs' human rights by failing to ensure that Plaintiffs received a hearing before being placed in solitary confinement. Defendant I.N.S. Officials' conduct, in this respect, is a direct violation of the International Covenant on Civil and Political Rights, Article 9(4), and a violation of customary international law, as informed by the American Convention on Human Rights, Article 8(1), the Universal Declaration of Human Rights, Article 10, the American Declaration of the Rights and Duties of Man, Article 25, and the European Convention on the Protection of Human Rights and Fundamental Freedom, Article 6.

## 18th Cause of Action

154. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 153 above.

155. Defendant I.N.S. Officials acted with deliberate indifference towards Plaintiffs being deprived of their personal property without compensation. Defendant I.N.S. Officials' conduct, in this respect, violated customary international law as informed by the American Convention on Human Rights, Article 21(2), the Universal Declaration of Human Rights, Article 17(2), and the United Nations General Assembly Resolution on the Standard Minimum Rules for the Treatment of Prisoners, Rule 43(2).

### 19th Cause of Action

156.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 155 above.

157.    Defendant I.N.S. Officials violated Plaintiffs' rights under the First Amendment of the United States Constitution by acting with deliberate indifference towards the widespread pattern of brutality inflicted on Plaintiffs when they attempted to exercise their religions.

### 20th Cause of Action

158.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 157 above.

159.    Defendant I.N.S. Officials violated Plaintiffs' rights under Article I, Paragraph 3 of the New Jersey Constitution by acting with deliberate indifference towards the widespread pattern of brutality inflicted on Plaintiffs when they attempted to exercise their religions.

### 21st Cause of Action

160.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 159 above.

161.    By acting with deliberate indifference towards the widespread pattern of brutality inflicted on Plaintiffs when they attempted to exercise their religions, Defendant I.N.S. Officials deprived Plaintiffs of their right to manifest their religion or belief in worship,

51

observance, and practice. In this respect, Defendant I.N.S. Officials violated the International Covenant on Civil and Political Rights, Article 18(1)-(2), and violated customary international law, as informed by the American Convention on Human Rights, Article 12(1)-(2), the Universal Declaration of Human Rights, Article 18, the United Nations General Assembly Resolution on the Declaration on the Elimination of all Forms of Intolerance and of Discrimination Based on Religion or Belief, the United Nations Convention Relating to the Status of Refugees, Article 4, the United Nations Convention Relating to the Status of Stateless Persons, Article 4, the American Declaration of the Rights and Duties of Man, Article 3, the European Convention on the Protection of Human Rights and Fundamental Freedom, Article 9, the African Charter on Human and Peoples' Rights, Article 8, the United Nations General Assembly Resolution on the Standard Minimum Rules for the Treatment of Prisoners, Rule 42, and the Conference on Security and Cooperation in Europe: Concluding Document from the Vienna Meeting, Article 16.

### 22nd Cause of Action

162. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 161 above.

163. Defendant I.N.S. officials, by acting with deliberate indifference towards the widespread pattern of brutality inflicted on Plaintiffs when they attempted to exercise their religions, substantially burdened Plaintiffs' right to the free exercise of their religion guaranteed by the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq.

52

### 23rd Cause of Action

164.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 163 above.

165.    Defendant I.N.S. Officials violated Plaintiffs' rights to be free from involuntary servitude guaranteed by the Thirteenth Amendment of the United States Constitution by acting with deliberate indifference towards Plaintiffs' engagement in forced, unpaid labor.

### 24th Cause of Action

166.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 165 above.

167.    Defendant I.N.S. Officials violated Plaintiffs' rights under Article I, Paragraph 1 of the New Jersey Constitution by acting with deliberate indifference toward Plaintiffs' engagement in forced, unpaid labor.

### 25th Cause of Action

168.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 167 above.

169.    Defendant I.N.S. Officials violated the Fair Labor Standards Act, 8 U.S.C.A. § 206, by failing to compensate Plaintiffs for the work they performed while detained at Esmor Elizabeth.

## 26th Cause of Action

170.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 169 above.

171.    Defendant I.N.S. Officials acted with deliberate indifference towards Plaintiffs' engagement in forced, unpaid labor.  In this respect, I.N.S. Officials violated the International Covenant on Civil and Political Rights, Article 8(2), and violated customary international law as informed by the American Convention on Human Rights, Article 6(1)-(2), the Universal Declaration of Human Rights, Article 4, the Convention Concerning Forced or Compulsory Labour, Article 1(1), the Convention Concerning the Abolition of Forced Labor, Article 1, and the Canada-Mexico-United States: North American Agreement on Labor Cooperation, Annex 1(4).

## 27th Cause of Action

172.    Plaintiffs repeat and allege each and every allegation in paragraphs 1 through 171 above.

173.    By their failure to exercise ordinary and reasonable care in the selection, training, supervision and evaluation of Defendants Esmor Corporation, Esmor Officers and Guards, Defendant I.N.S. Officials are liable to Plaintiffs under the laws of the state of New Jersey for the harm caused to Plaintiffs as a result of these acts and omissions.

54

## 28th Cause of Action

174.    Plaintiffs repeat and allege each and every allegation in paragraphs 1 through 173 above.

175.    Defendant I.N.S. Officials had a duty to ensure that Plaintiff's personal property, which was confiscated from Plaintiffs upon their detention at Esmor Elizabeth, remained safe and could be recovered by Plaintiffs when they were released from I.N.S. detention.

176.    Defendant I.N.S. Officials failed to protect Plaintiff's personal property. Pursuant to New Jersey state law, the I.N.S. Official Defendants are responsible for reimbursing Plaintiffs for the value of their missing property.


## 29th Cause of Action

177.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 176 above.

178.    Defendant I.N.S. Officials had a duty to ensure that Plaintiffs were not physically or mentally abused. Defendant I.N.S. Officials failed to protect Plaintiffs from the severe physical and mental abuse they suffered while detained at Esmor Elizabeth. Pursuant to New Jersey state law, Defendant I.N.S. Officials are liable to Plaintiffs for the harm they suffered while detained at Esmor Elizabeth.

### 30th Cause of Action

179.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 178 above.

180.    By acting with deliberate indifference towards the widespread pattern of brutality inflicted on Plaintiffs and the violation of Plaintiffs' international human rights, Defendant I.N.S. Officials violated the Alien Tort Claims Act.

## CLAIMS AGAINST DEFENDANT ESMOR CORPORATION

### 31st Cause of Action

181.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 180 above.

182.    Defendant Esmor Corporation violated Plaintiffs' Fifth Amendment due process rights by failing to take appropriate steps to curb the widespread pattern of brutality at Esmor Elizabeth, which included the following:

(a)    Plaintiffs were arbitrarily beaten by Defendant Guards;

(b)    Plaintiffs were placed in solitary confinement for indefinite periods of time without any hearing, method of recourse, or appeal;

(c)    Plaintiffs were sexually assaulted by Defendant Guards;

(d)    Plaintiffs were coerced into performing sexual acts in return for services due to them under the Contract and for special privileges;

(e)     Plaintiffs were ogled and demeaned by Defendant Guards who watched them and made lewd remarks as they used the toilets and showered;

(f)     Plaintiffs were subjected to unwarranted and unreasonable searches, including strip-searches, some of which were videotaped;

(g)     Plaintiffs were continuously subjected to verbal abuse by Defendant Guards, including ethnic and racial slurs;

(h)     Plaintiffs were not provided with adequate clothing and personal hygiene supplies;

(i)     Plaintiffs' personal property was either confiscated or destroyed while they were detained at Esmor Elizabeth;

(j)     Plaintiffs were consistently served spoiled food;

(k)     Plaintiffs were denied adequate and appropriate medical attention;

(l)     Plaintiffs were denied access to their counsel.


### 32nd Cause of Action

183.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 182 above.

184.    Defendant Esmor Corporation violated Plaintiffs' due process rights under Article I, Paragraphs 1 and 20 of the New Jersey Constitution by failing to take appropriate steps to curb the widespread pattern of brutality at Esmor Elizabeth, which included the following:

(a)     Plaintiffs were arbitrarily beaten by Defendant Guards;

(b)    Plaintiffs were placed in solitary confinement for indefinite periods of time without any hearing, method of recourse, or appeal;

(c)    Plaintiffs were sexually assaulted by Defendant Guards;

(d)    Plaintiffs were coerced into performing sexual acts in return for services due to them under the Contract and for special privileges;

(e)    Plaintiffs were ogled and demeaned by Defendant Guards who watched them and made lewd remarks as they used the toilets and showered;

(f)    Plaintiffs were subjected to unwarranted and unreasonable searches, including strip-searches, some of which were videotaped;

(g)    Plaintiffs were continuously subjected to verbal abuse by Defendant Guards, including racial and ethnic slurs;

(h)    Plaintiffs were not provided with adequate clothing and personal hygiene supplies;

(i)    Plaintiffs' personal property was either confiscated or destroyed while they were detained at Esmor Elizabeth;

(j)    Plaintiffs were consistently served spoiled food;

(k)    Plaintiffs were denied adequate and appropriate medical attention;

(l)    Plaintiffs were denied access to their counsel.


### 33rd Cause of Action

185.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 184 above.

58

186.   Defendant Esmor Corporation breached its contractual duties of care to Plaintiffs, who were intended third party beneficiaries of the Contract.  As a result of the breach, Plaintiffs suffered severe physical and mental harm.

### 34th Cause of Action

187.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 186 above.

188.   By failing to take appropriate steps to curb the widespread pattern of brutality inflicted against Plaintiffs at Esmor Elizabeth, Defendant Esmor Corporation violated Plaintiffs' right to be treated with humanity and with respect; their right to have their physical, mental, and moral integrity respected; and their right to life, liberty, and security in direct violation of the International Covenant on Civil and Political Rights, Article 10(1), and in violation of customary international law as informed by the American Convention on Human Rights, Article 5(1), the Universal Declaration of Human Rights, Article 3, the American Declaration of the Rights and Duties of Man, Article 25, the African Charter on Human and Peoples' Rights, Article 4, the United Nations General Assembly Resolution on the Body of Principles for the Protection of All Persons Under Any Form of Detention or Imprisonment, Article 1, the United Nations General Assembly Resolution on the Code of Conduct for Law Enforcement Officials, Article 2, and the United Nations Economic and Social Council Resolution on the Standard Minimum Rules for the Treatment of Prisoners, Rule 60.

59

## 35th Cause of Action

189.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 188 above.

190.   By failing to curb the widespread pattern of brutality against Plaintiffs at Esmor Elizabeth, Defendant Esmor Corporation violated Plaintiffs' right to be free from cruel, inhuman or degrading treatment in direct violation of the International Covenant on Civil and Political Rights, Article 7, and in violation of customary international law as informed by the American Convention on Human Rights, Article 5(2), the Universal Declaration of Human Rights, Article 5, the European Convention on the Protection of Human Rights and Fundamental Freedoms, Article 3, the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Article 16(1), the United Nations Economic and Social Council Resolution on the Standard Minimum Rules for the Treatment of Prisoners, Rule 31, the United Nations General Assembly Resolution on the Body of Principles for the Protection of All Persons Under Any Form of Detention or Imprisonment, Principle 6, the United Nations General Assembly Resolution on the Code of Conduct for Law Enforcement Officials, Article 5, the Inter-American Convention to Prevent and Punish Torture, Article 6, and the African Charter on Human and Peoples' Rights, Article 5.

## 36th Cause of Action

191.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 190 above.

192. By failing to take appropriate steps to curb the widespread pattern of abuse of Plaintiffs being placed in solitary confinement without a hearing, Defendant Esmor Corporation deprived Plaintiffs of their liberty rights, in direct violation of the International Covenant on Civil and Political Rights, Article 9(4), and in violation of customary international law as informed by the American Convention on Human Rights, Article 8(1), the Universal Declaration of Human Rights, Article 10, the American Declaration of the Rights and Duties of Man, Article 25, and the European Convention on the Protection of Human Rights and Fundamental Freedom, Article 6.

## 37th Cause of Action

193. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 192 above.

194. By failing to take appropriate steps to ensure that Plaintiffs' personal property was protected and that Plaintiffs were not deprived of their personal property without compensation, Defendant Esmor Corporation violated customary international law as informed by the American Convention on Human Rights, Article 21(2), the Universal Declaration of Human Rights, Article 17(2), and the United Nations General Assembly Resolution on the Standard Minimum Rules for the Treatment of Prisoners, Rule 43(2).

## 38th Cause of Action

195. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 194 above.

196.    Defendant Esmor Corporation violated Plaintiffs' rights under the First Amendment of the United States Constitution by failing to take appropriate steps to curb the widespread pattern of brutality of Plaintiffs who attempted to exercise their religions.

### 39th Cause of Action

197.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 196 above.

198.    Defendant Esmor Corporation violated Plaintiffs' rights under Article I, Paragraph 3 of the New Jersey Constitution by failing to take appropriate steps to curb the widespread pattern of brutality of Plaintiffs who attempted to exercise their religions.

### 40th Cause of Action

199.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 198 above.

200.    Defendant Esmor Corporation substantially burdened Plaintiffs' right to the free exercise of their religion guaranteed by the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq. by failing to take appropriate steps to curb the widespread pattern of brutality of Plaintiffs who attempted to exercise their religions.

### 41st Cause of Action

201.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 200 above.

62

202. By failing to take appropriate steps to curb the widespread pattern of brutality of Plaintiffs who attempted to exercise their religions, Defendant Esmor Corporation deprived Plaintiffs of their right to manifest their religion or belief in worship, observance, and practice, in direct violation of the International Covenant on Civil and Political Rights, Article 18(1)-(2), and in violation of customary international law as informed by the American Convention on Human Rights, Article 12(1)-(2), the Universal Declaration of Human Rights, Article 18, the United Nations General Assembly Resolution on the Declaration on the Elimination of all Forms of Intolerance and of Discrimination Based on Religion or Belief, the United Nations Convention Relating to the Status of Refugees, Article 4, the United Nations Convention Relating to the Status of Stateless Persons, Article 4, the American Declaration of the Rights and Duties of Man, Article 3, the European Convention on the Protection of Human Rights and Fundamental Freedom, Article 9, the African Charter on Human and Peoples' Rights, Article 8, the United Nations General Assembly Resolution on the Standard Minimum Rules for the Treatment of Prisoners, Rule 42, and the Conference on Security and Cooperation in Europe: Concluding Document from the Vienna Meeting, Article 16.

### 42nd Cause of Action

203. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 202 above.

204. By failing to take appropriate steps to curb the widespread pattern of brutality of Plaintiffs who were forced to engage in unpaid labor, Defendant Esmor Corporation

violated the Plaintiffs' right to be free from involuntary servitude, guaranteed by the Thirteenth Amendment of the United States Constitution.

## 43rd Cause of Action

205.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 204 above.

206.    Defendant Esmor Corporation violated Plaintiffs' rights under Article I, Paragraph 1 of the New Jersey Constitution, by failing to take appropriate steps to curb the widespread pattern of brutality of Plaintiffs who were forced to engage in unpaid labor.

## 44th Cause of Action

207.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 206 above.

208.    Defendant Esmor Corporation violated the Fair Labor Standards Act, 8 U.S.C.A. § 206, by failing to compensate Plaintiffs for the work they performed while detained at Esmor Elizabeth.

## 45th Cause of Action

209.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 208 above.

210.    By failing to take appropriate steps to curb the widespread pattern of brutality of Plaintiffs who were forced to engage in unpaid labor, Defendant Esmor Corporation

64

violated the International Covenant on Civil and Political Rights, Article 8(2), and violated Plaintiffs' rights under customary international law as informed by the American Convention on Human Rights, Article 6(1)-(2), the Convention Concerning Forced or Compulsory Labour, Article 1(1), the Universal Declaration of Human Rights, Article 4, the Convention Concerning the Abolition of Forced Labor, Article 1, and the Canada-Mexico-United States: North American Agreement on Labor Cooperation, Annex 1(4).

### 46th Cause of Action

211.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 210 above.

212.   Defendant Esmor Corporation had a duty to ensure that Plaintiffs' personal property, which was confiscated from Plaintiffs upon their detention at Esmor Elizabeth, remained safe and could be recovered for Plaintiffs when they were released from I.N.S. detention.

213.   Defendant Esmor Corporation failed to protect Plaintiffs' personal property. Pursuant to New Jersey state law, Defendant Esmor Corporation is responsible for reimbursing Plaintiffs for the value of their missing property.

### 47th Cause of Action

214.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 213 above.

215.    Defendant Esmor Corporation, by its failure to exercise ordinary and reasonable care in the selection, training, supervision, and evaluation of Defendants Esmor Officers and Guards, is liable to Plaintiffs under the law as of the State of New Jersey for the harm caused to Plaintiffs as a result of these acts and omissions.

## 48th Cause of Action

216.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 215 above.

217.    Defendant Esmor Corporation is responsible, under the theory of respondeat superior of New Jersey State law, for the intentional torts -- including battery, assault and intentional infliction of emotional distress -- perpetrated by Defendant Guards against Plaintiffs.

## 49th Cause of Action

218.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 217 above.

219.    By failing to take appropriate steps to curb the widespread pattern of abuse of Plaintiffs and the violation of their human rights, Defendant Esmor Corporation violated the Alien Tort Claims Act.

## CLAIMS AGAINST ESMOR OFFICER DEFENDANTS

### 50th Cause of Action

220.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 219 above.

221.    Defendant Esmor Officers violated Plaintiffs' Fifth Amendment due process rights by failing to curb the widespread pattern of brutality at Esmor Elizabeth, which included the following:

(a)    Plaintiffs were arbitrarily beaten by Defendant Guards;

(b)    Plaintiffs were placed in solitary confinement for indefinite periods of time without any hearing, method of recourse, or appeal;

(c)    Plaintiffs were sexually assaulted by Defendant Guards;

(d)    Plaintiffs were coerced into performing sexual acts in return for services due to them under the Contract and for special privileges;

(e)    Plaintiffs were ogled and demeaned by Defendant Guards who watched them and made lewd remarks as they used the toilets and showered;

(f)    Plaintiffs were subjected to unwarranted and unreasonable searches, including strip-searches, some of which were videotaped;

(g)    Plaintiffs were continuously subjected to verbal abuse by Defendant Guards, including racial and ethnic slurs;

(h)    Plaintiffs were not provided with adequate clothing and personal hygiene supplies;

67

(i)     Plaintiffs' personal property was either confiscated or destroyed while they were detained at Esmor Elizabeth;

(j)     Plaintiffs were consistently served spoiled food;

(k)     Plaintiffs were denied adequate and appropriate medical attention;

(l)     Plaintiffs were denied access to their counsel.


### 51st Cause of Action

222.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 221 above.

223.    Defendant Esmor Officers violated Plaintiffs' rights under Article I, Paragraphs 1 and 20 of the New Jersey Constitution by failing to curb the widespread pattern of brutality at Esmor Elizabeth, which included the following:

(a)     Plaintiffs were arbitrarily beaten by Defendant Guards;

(b)     Plaintiffs were placed in solitary confinement for indefinite periods of time without any hearing, method of recourse, or appeal;

(c)     Plaintiffs were sexually assaulted by Defendant Guards;

(d)     Plaintiffs were coerced into performing sexual acts in return for services due to them under the Contract and for special privileges;

(e)     Plaintiffs were ogled and demeaned by Defendant Guards who watched them and made lewd remarks as they used the toilets and showered;

(f)     Plaintiffs were subjected to unwarranted and unreasonable searches, including strip-searches, some of which were videotaped;

(g)     Plaintiffs were continuously subjected to verbal abuse by Defendant Guards, including racial and ethnic slurs;

(h)     Plaintiffs were not provided with adequate clothing and personal hygiene supplies;

(i)     Plaintiffs' personal property was either confiscated or destroyed while they were detained at Esmor Elizabeth;

(j)     Plaintiffs were consistently served spoiled food;

(k)     Plaintiffs were denied adequate and appropriate medical attention;

(l)     Plaintiffs were denied access to their counsel.


### 52nd Cause of Action

224.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 223 above.

225.    By failing to curb the widespread pattern of brutality at Esmor Elizabeth, Defendant Esmor Officers violated Plaintiffs' right to be treated with humanity and with respect; right to have their physical, mental, and moral integrity respected; and their right to life, liberty, and security in direct violation of the International Covenant on Civil and Political Rights, Article 10(1), and in violation of customary international law as informed by the American Convention on Human Rights, Article 5(1) and the Universal Declaration of Human Rights, Article 3, the American Declaration of the Rights and Duties of Man, Article 25, the African Charter on Human and Peoples' Rights, Article 4, the United Nations General Assembly Resolution on the Body of Principles for the Protection of All Persons Under Any

69

Form of Detention or Imprisonment, Article 1, the United Nations General Assembly Resolution on the Code of Conduct for Law Enforcement Officials, Article 2, and the United Nations Economic and Social Council Resolution on the Standard Minimum Rules for the Treatment of Prisoners, Rule 60.

## 53rd Cause of Action

226. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 225 above.

227. By failing to curb the widespread pattern of brutality against Plaintiffs at Esmor Elizabeth, Defendant Esmor Officials violated Plaintiffs' right to be free from cruel, inhuman or degrading treatment in direct violation of the International Covenant on Civil and Political Rights, Article 7, and in violation of customary international law as informed by the American Convention on Human Rights, Article 5(2), the Universal Declaration of Human Rights, Article 5, the European Convention on the Protection of Human Rights and Fundamental Freedoms, Article 3, the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Article 16(1), the United Nations Economic and Social Council Resolution on the Standard Minimum Rules for the Treatment of Prisoners, Rule 31, the United Nations General Assembly Resolution on the Body of Principles for the Protection of All Persons Under Any Form of Detention or Imprisonment, Principle 6, the United Nations General Assembly Resolution on the Code of Conduct for Law Enforcement Officials, Article 5, the Inter-American Convention to Prevent and Punish Torture, Article 6, and the African Charter on Human and Peoples' Rights, Article 5.

70

## 54th Cause of Action

228.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 227 above.

229.    Defendant Esmor Officers acted with deliberate indifference towards Plaintiffs' human rights by failing to ensure that Plaintiffs received a hearing before being placed in solitary confinement. The Esmor Officers' conduct, in this respect, is a direct violation of the International Covenant on Civil and Political Rights, Article 9(4), and is a violation of customary international law as informed by the American Convention on Human Rights, Article 8(1), the Universal Declaration of Human Rights, Article 10, the American Declaration of the Rights and Duties of Man, Article 25, and the European Convention on the Protection of Human Rights and Fundamental Freedom, Article 6.

## 55th Cause of Action

230.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 229 above.

231.    Defendant Esmor Officers acted with deliberate indifference towards Plaintiffs being deprived of their personal property without any compensation. Defendant Esmor Officers' conduct, in this respect, violated customary international law, as informed by the American Convention on Human Rights, Article 21(2), the Universal Declaration of Human Rights, Article 17(2), and the United Nations General Assembly Resolution on the Standard Minimum Rules for the Treatment of Prisoners, Rule 43(2).

### 56th Cause of Action

232.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 231 above.

233.    Defendant Esmor Officers violated Plaintiffs' rights under the First Amendment of the United States Constitution by acting with deliberate indifference towards the widespread pattern of brutality inflicted on Plaintiffs when they attempted to exercise their religions.

### 57th Cause of Action

234.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 233 above.

235.    Defendant Esmor Officers violated Plaintiffs' rights under Article I, Paragraph 3 of the New Jersey Constitution by acting with deliberate indifference towards the widespread pattern of brutality inflicted on Plaintiffs when they attempted to exercise their religions.

### 58th Cause of Action

236.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 235 above.

237.    Defendant Esmor Officers, by acting with deliberate indifference towards the widespread pattern of brutality inflicted on Plaintiffs when they attempted to exercise their

72

religions, substantially burdened Plaintiffs' right to the free exercise of their religion guaranteed by the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq.

### 59th Cause of Action

238.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 237 above.

239.    By acting with deliberate indifference towards the widespread pattern of brutality inflicted on Plaintiffs when they attempted to exercise their religions, Defendant Esmor Officers deprived Plaintiffs of their right to manifest their religion or belief in worship, observance, and practice, in direct violation of the International Covenant on Civil and Political Rights, Article 18(1)-(2), and in violation of customary international law as informed by the American Convention on Human Rights, Article 12(1)-(2), the Universal Declaration of Human Rights, Article 18, the United Nations General Assembly Resolution on the Declaration on the Elimination of all Forms of Intolerance and of Discrimination Based on Religion or Belief, the United Nations Convention Relating to the Status of Refugees, Article 4, the United Nations Convention Relating to the Status of Stateless Persons, Article 4, the American Declaration of the Rights and Duties of Man, Article 3, the European Convention on the Protection of Human Rights and Fundamental Freedom, Article 9, the African Charter on Human and Peoples' Rights, Article 8, the United Nations General Assembly Resolution on the Standard Minimum Rules for the Treatment of Prisoners, Rule 42, and the Conference on Security and Cooperation in Europe: Concluding Document from the Vienna Meeting, Article 16.

73

## 60th Cause of Action

240.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 239 above.

241.    Defendant Esmor Officers violated Plaintiffs' rights to be free from involuntary servitude guaranteed by the Thirteenth Amendment of the United States Constitution, by acting with deliberate indifference towards Plaintiffs' engagement in forced, unpaid labor.

## 61st Cause of Action

242.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 241 above.

243.    Defendant Esmor Officers violated Plaintiffs' rights under Article I, Paragraph 1 of the New Jersey Constitution by acting with deliberate indifference towards Plaintiffs' engagement in forced, unpaid labor.

## 62nd Cause of Action

244.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 243 above.

245.    Defendant Esmor Officers violated the Fair Labor Standards Act, 8 U.S.C.A. § 206, by failing to compensate Plaintiffs for the work they performed while detained at Esmor Elizabeth.

### 63rd Cause of Action

246.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 245 above.

247.    Defendant Esmor Officers acted with deliberate indifference towards Plaintiffs' engagement in forced, involuntary labor.  In this respect, Defendant Esmor Officers violated the International Covenant on Civil and Political Rights, Article 8(2), and violated customary international law as informed by the American Convention on Human Rights, Article 6(1)-(2), the Universal Declaration of Human Rights, Article 4, the Convention Concerning Forced or Compulsory Labour, Article 1(1), the Convention Concerning the Abolition of Forced Labor, Article 1, and the Canada-Mexico-United States: North American Agreement on Labor Cooperation, Annex 1(4).

### 64th Cause of Action

248.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 247 above.

249.    The Esmor Officer defendants are responsible, under the theory of respondeat superior of New Jersey state law, for the intentional torts -- including battery, assault, and intentional infliction of emotional distress -- perpetrated by Defendant Guards against Plaintiffs.

## 65th Cause of Action

250.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 249 above.

251.    Defendant Esmor Officers had a duty to ensure that Plaintiffs' personal property, which was confiscated from Plaintiffs upon their detention at Esmor Elizabeth, remained safe and could be recovered by Plaintiffs when they were released I.N.S. detention.

252.    Defendant Esmor Officers failed to protect Plaintiffs' personal property. Pursuant to New Jersey state law, the Esmor Officer Defendants are responsible for reimbursing Plaintiffs for the value of their missing property.

## 66th Cause of Action

253.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 252 above.

254.    Esmor Officer Defendants, by their failure to exercise ordinary and reasonable care in the selection, training, supervision and evaluation of Defendant Guards, are liable to Plaintiffs under the laws of the State of New Jersey for the harm caused to Plaintiffs as a result of these acts and omissions.

## 67th Cause of Action

255.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 254 above.

256.    By acting with deliberate indifference towards the widespread pattern of brutality inflicted on Plaintiffs and the violation of Plaintiffs' international human rights, Defendant Esmor Officers violated the Alien Tort Claims Act.

## CLAIMS AGAINST DEFENDANT GUARDS

### 68th Cause of Action

257.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 256 above.

258.    Defendant Guards violated the Plaintiffs' rights under the due process clause of the Fifth Amendment of the United States Constitution by perpetrating brutality on a continuous and ongoing basis against Plaintiffs. This pattern and practice of brutality included the following:

(a)    Plaintiffs were arbitrarily beaten;

(b)    Plaintiffs were placed in solitary confinement for indefinite periods of time without any hearing, method of recourse, or appeal;

(c)    Plaintiffs were sexually assaulted;

(d)    Plaintiffs were coerced into performing sexual acts in return for services due to them under the Contract and for special privileges;

(e)    Plaintiffs were ogled and demeaned by Defendant Guards who watched them and made lewd remarks as they used the toilets and showered;

77

(f)     Plaintiffs were subjected to unwarranted and unreasonable searches, including strip-searches, some of which were videotaped;

(g)     Plaintiffs were continuously subjected to verbal abuse, including racial and ethnic slurs;

(h)     Plaintiffs were not provided with adequate clothing and personal hygiene supplies;

(i)     Plaintiffs' personal property was either confiscated or destroyed while they were detained at Esmor Elizabeth;

(j)     Plaintiffs were consistently served spoiled food;

(k)     Plaintiffs were denied adequate and appropriate medical attention;

(l)     Plaintiffs were denied access to their counsel.


69th Cause of Action

259.    Plaintiffs repeat and reallege all the allegations contained in paragraphs 1 through 258 above.

260.    Defendant Guards violated Plaintiffs' due process rights under Article I, Paragraphs 1 and 20 of the New Jersey Constitution by perpetrating brutality on a continuous and ongoing basis against Plaintiff. This pattern and practice of brutality included the following:

(a)     Plaintiffs were arbitrarily beaten;

(b)     Plaintiffs were placed in solitary confinement for indefinite periods of time without any hearing, method of recourse, or appeal;

(c)     Plaintiffs were sexually assaulted;

(d)     Plaintiffs were coerced into performing sexual acts in return for services due to them under the Contract and for special privileges;

(e)     Plaintiffs were ogled and demeaned by Defendant Guards who watched them and made lewd remarks as they used the toilets and showered;

(f)     Plaintiffs were subjected to unwarranted and unreasonable searches, including strip-searches, some of which were videotaped;

(g)     Plaintiffs were continuously subjected to verbal abuse, including racial and ethnic slurs;

(h)     Plaintiffs were not provided with adequate clothing and personal hygiene supplies;

(i)     Plaintiffs' personal property was either confiscated or destroyed while they were detained at Esmor Elizabeth;

(j)     Plaintiffs were consistently served spoiled food;

(k)     Plaintiffs were denied adequate and appropriate medical attention;

(l)     Plaintiffs were denied access to their counsel.


## 70th Cause of Action

261.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 260 above.

262.    By inflicting serious mental and physical abuses on Plaintiffs, Defendant Guards violated Plaintiffs' right to be treated with humanity and with respect; right to have

79

their physical, mental, and moral integrity respected; and right to life, liberty, and security; in direct violation of the International Covenant on Civil and Political Rights, Article 10(1), and in violation of customary international law as informed by the American Convention on Human Rights, Article 5(1), the Universal Declaration of Human Rights, Article 3, the American Declaration of the Rights and Duties of Man, Article 25, the African Charter on Human and Peoples' Rights, Article 4, the United Nations General Assembly Resolution on the Body of Principles for the Protection of All Persons Under Any Form of Detention or Imprisonment, Article 1, the United Nations General Assembly Resolution on the Code of Conduct for Law Enforcement Officials, Article 2, and the United Nations Economic and Social Council Resolution on the Standard Minimum Rules for the Treatment of Prisoners, Rule 60.

### 71st Cause of Action

263.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 262 above.

264.    By causing intense mental and physical suffering, and arousing in Plaintiffs at Esmor Elizabeth feelings of fear, anguish and inferiority which debased and humiliated them, Defendant Guards violated Plaintiffs' right to be free from cruel, inhuman or degrading treatment in direct violation of the International Covenant on Civil and Political Rights, Article 7, and in violation of customary international law as informed by the American Convention on Human Rights, Article 5(2), the Universal Declaration of Human Rights, Article 5, the European Convention on the Protection of Human Rights and Fundamental

80

Freedoms, Article 3, the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Article 16(1), the United Nations Economic and Social Council Resolution on the Standard Minimum Rules for the Treatment of Prisoners, Rule 31, the United Nations General Assembly Resolution on the Body of Principles for the Protection of All Persons Under Any Form of Detention or Imprisonment, Principle 6, the United Nations General Assembly Resolution on the Code of Conduct for Law Enforcement Officials, Article 5, the Inter-American Convention to Prevent and Punish Torture, Article 6, and the African Charter on Human and Peoples' Rights, Article 5.

### 72nd Cause of Action

265.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 264 above.

266.    By confining Plaintiffs in solitary confinement without a hearing on a continuous and ongoing basis, Defendant Guards violated the International Covenant on Civil and Political Rights, Article 9(4), and violated customary international law as informed by the American Convention on Human Rights, Article 8(1), the Universal Declaration of Human Rights, Article 10, the American Declaration of the Rights and Duties of Man, Article 25, and the European Convention on the Protection of Human Rights and Fundamental Freedom, Article 6.

81

### 73rd Cause of Action

267.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 266 above.

268.    Defendant Guards deprived Plaintiffs of their personal property without any compensation, on a continuous and ongoing basis, in violation of customary international law, as informed by the American Convention on Human Rights, Article 21(2), the Universal Declaration of Human Rights, Article 17(2), and the United Nations General Assembly Resolution on the Standard Minimum Rules for the Treatment of Prisoners, Rule 43(2).

### 74th Cause of Action

269.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 268 above.

270.    Defendant Guards violated Plaintiffs' rights under the First Amendment of the United States Constitution by brutalizing them on a continuous and ongoing basis when Plaintiffs attempted to exercise their religions.

### 75th Cause of Action

271.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 270 above.

272.    Defendant Guards violated Plaintiffs' rights under Article I, Paragraph 3 of the New Jersey Constitution by brutalizing Plaintiffs, on a continuous and ongoing basis, when Plaintiffs attempted to exercise their religions.

### 76th Cause of Action

273.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 272 above.

274.    Defendant Guards substantially burdened Plaintiffs' rights to the free exercise of their religion guaranteed by the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq., by brutalizing Plaintiffs, on a continuous and ongoing basis, when they attempted to practice their religions.

### 77th Cause of Action

275.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 274 above.

276.    By brutalizing Plaintiffs on a continuous and ongoing basis when they attempted to practice their religions, Defendant Guards deprived Plaintiffs of their right to manifest their religion or belief in worship, observance, and practice, in direct violation of the International Covenant on Civil and Political Rights, Article 18(1)-(2) and in violation of customary international law, as informed by the American Convention on Human Rights, Article 12(1)-(2), the Universal Declaration of Human Rights, Article 18, the United Nations General Assembly Resolution on the Declaration on the Elimination of all Forms of Intolerance and of Discrimination Based on Religion or Belief, the United Nations Convention Relating to the Status of Refugees, Article 4, the United Nations Convention Relating to the Status of Stateless Persons, Article 4, the American Declaration of the Rights and Duties of Man, Article 3, the European Convention on the Protection of Human Rights and

83

Fundamental Freedom, Article 9, the African Charter on Human and Peoples' Rights, Article 8, the United Nations General Assembly Resolution on the Standard Minimum Rules for the Treatment of Prisoners, Rule 42, and the Conference on Security and Cooperation in Europe: Concluding Document from the Vienna Meeting, Article 16.

## 78th Cause of Action

277.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 276 above.

278.   Defendant Guards violated Plaintiffs' right to be free from involuntary servitude guaranteed by the Thirteenth Amendment of the United States Constitution, by forcing Plaintiffs to engage in forced, unpaid labor, on a continuous and ongoing basis.

## 79th Cause of Action

279.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 278 above.

280.   Defendant Guards violated Plaintiffs' rights under Article I, Paragraph 1 of the New Jersey Constitution by forcing Plaintiffs to engage in forced, unpaid labor, on a continuous and ongoing basis.

## 80th Cause of Action

281.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 280 above.

84

282.   Defendant Guards violated the Fair Labor Standards Act, 8 U.S.C.A. § 206, by failing to compensate Plaintiffs for the work they performed while detained at Esmor Elizabeth.

### 81st Cause of Action

283.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 282 above.

284.   Defendant Guards forced Plaintiffs to engage in involuntary servitude, on a continuous and ongoing basis, in direct violation of the International Covenant on Civil and Political Rights, Article 8(2), and in violation of customary international law as informed by the American Convention on Human Rights, Article 6(1)-(2), the Universal Declaration of Human Rights, Article 4, and the Convention Concerning Forced or Compulsory Labour, Article 1(1).

### 82nd Cause of Action

285.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 284 above.

286.   On a continuous and ongoing basis, Defendant Guards intentionally committed assaults and batteries on Plaintiffs and intentionally caused them emotional distress, in violation of the laws of New Jersey.

## 83rd Cause of Action

287.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 286 above.

288.   Defendant Guards had a duty to ensure that Plaintiffs' personal property, which was confiscated from Plaintiffs upon their detention at Esmor Elizabeth, remained safe and could be recovered by Plaintiffs when they were released from I.N.S. detention.

289.   Defendant Guards failed to protect Plaintiffs' personal property.  Pursuant to New Jersey state law, Defendant Guards are responsible for reimbursing Plaintiffs for the value of their missing property.

## 84th Cause of Action

290.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 289.

291.   Defendant Guards violated The Alien Tort Claims Act by brutalizing Plaintiffs on a continuous and ongoing basis and by violating Plaintiffs' international human rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court offer the following relief:

1.   Declare that Defendants' actions violated the Plaintiffs' rights under the First, Fifth, and Thirteenth Amendments of the United States Constitution; The Federal Tort Claims Act; The Alien Tort Claims Act; the Religious Freedom Restoration Act; the

86

Fair Labor Standards Act; Article I, Paragraphs 1, 3 and 20 of the New Jersey Constitution; the laws of the State of New Jersey; and international human rights law, including, but not limited to, the International Covenant on Civil and Political Rights, the American Convention on Human Rights, the Universal Declaration of Human Rights, and the Convention Concerning Forced or Compulsory Labour, the American Declaration of the Rights and Duties of Man, the African Charter on Human and Peoples' Rights, and the European Convetion on the Protection of Human Rights and Fundamental Freedom.

2.    Award each Plaintiff compensatory damages against each Defendant;

3.    Award each Plaintiff in punitive damages against each Defendant;

4.    Award Plaintiffs the costs of this action, including reasonable attorneys' fees; and

5.    Grant such other and further relief as this Court deems just and proper.

Dated: September 23, 1997

Penny M. Venetis
Frank Askin
Rutgers Constitutional Litigation Clinic
15 Washington Street
Newark, NJ 07102

Martin Glenn
Michael J. Holden
O'Melveny & Myers LLP
153 East 53rd Street
New York, NY 10022

Attorneys for Plaintiffs

87