<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HAWA ABDI JAMA, et al. | : | Civ. No. 97-3093(DRD) |
| Plaintiffs, | : | |
| v. | : | |
| ESMOR CORRECTIONAL SERVICES, INC., et al. | : | <u>**O P I N I O N**</u> |
| Defendants. | : | |

Frank Askin, Esq.
Penny M. Venetis, Esq.
Rutgers Constitutional Litigation Clinic
Rutgers Law School
123 Washington Street
Newark, New Jersey 07102

Derek Tarson, Esq.
Debevoise & Plimpton, LLP
919 Third Avenue
New York, New York 10022
    Attorneys for Plaintiffs Hawa Abdi Jama,
       Jeyakumar Anantharajah, Abu Bakar, Cecilia Jeffrey,
       Abraham Kenneh, Shamimu Nanteza, Dennis Raji,
       Agatha Serwaa, and Sarah Tetteh Yower

J. Llewellyn Mathews, Esq.
New Jersey Resident Counsel
Blank Rome, LLP
210 Lake Drive E. Suite 200
Cherry Hill, New Jersey 08002

Larry S. Reich, Esq.
Blank Rome LLP
405 Lexington Avenue
New York, New York 10174

Frank R. Volpe, Esq.
Ryan D. Nelson, Esq.
Sidley Austin Brown & Wood, LLP
1501 K Street, NW
Washington, DC 20005
    Attorneys for Defendants,
    Esmor Correctional Services, Inc.
    James F. Slattery
    John Lima
    Richard Staley
    Aaron Speisman

**Debevoise, Senior District Court Judge**

Defendants, Esmor Correctional Services, Inc., James Slattery, Richard Staley, John Lima, and Aaron Speisman (the "Esmor Defendants") move for an order that this case be stayed pending a final determination of the appeals currently pending before the United States Court of Appeals for the Third Circuit addressing the issues whether any Jama plaintiff has properly opted out of the class action Brown v. Esmor, Civ. No. 98-1282, and whether the Esmor Defendants are entitled to qualified immunity under customary international law.

## I. Background

Three actions arising out of conditions in an immigrant detention facility which Esmor Correctional Services, inc. ("Esmor") operated in Elizabeth, New Jersey, were filed in, or transferred to, this court: i) the instant action (the "Jama Action"), ii) Brown v. Esmor Correctional Services, Inc., Civ. No. 98-1282 (the "Brown) Action"); and iii) Joaquin DaSilva v. Esmor Correctional Services, Inc., Civ. No. 96-3755 (the "DaSilva Action"). The Jama and DaSilva Actions were brought on behalf of individual plaintiffs. The Brown Action was brought on behalf of a class consisting of the 1600 detainees of the Esmor facility. In 1998 the court certified the class.

2

In October 1998 the court consolidated the Jama Action with the other two actions for discovery purposes only. On March 9, 1999 the court issued an order that designated June 1, 1999 as the date by which all class members who wished to opt-out of the Brown Action class must submit opt-out forms. None of the individual plaintiffs in the Jama and DaSilva Actions submitted opt-out forms by June 1, 1999 or obtained an order extending the deadline. Nevertheless, for a period of several years discovery and motion practice proceeded (somewhat contentiously) with the Jama and DaSilva Actions treated as separate actions on behalf of individual plaintiffs. Subsequently, Esmor and the Brown Action plaintiffs challenged the individual status of the plaintiffs in those two actions, contending that their failure to submit the required opt-out notices resulted in their becoming or remaining members of the class.

The court, for reasons set forth in DaSilva v. Esmor Correctional Servs., Inc., 215 F.R.D. 477 (D.N.J. 2003), permitted the individual plaintiffs to submit belated opt-out notices. None of the DaSilva Action plaintiffs took advantage of this opportunity, and the court, finding that they were members of the Brown Action class, dismissed the DaSilva Action complaint. Nine of the plaintiffs in the Jama Action filed opt-out forms prior to the extended opt-out date and that action continued on their behalf and not as part of the class action.

Thereafter the Esmor Defendants filed summary judgment motions. On November 16, 2004 the court entered an opinion and order disposing of the motions. Jama v. U.S., 343 F. Supp. 2d 338 (D.N.J. 2004). The court held, among other things, that the Esmor Defendants are not entitled to qualified immunity on the Jama plaintiffs' Alien Tort Claims Act claims.

Esmor and the Brown Action plaintiffs settled. A hearing on the fairness, reasonableness and adequacy of the settlement agreement was held on August 10, 2005. The Jama Action

3

plaintiffs were permitted to intervene. The court approved the settlement and an appropriate final order was entered. This order constituted a final judgment in the Brown Action.

These proceedings generated a number of appeals on behalf of the Esmor Defendants:

i) Appeal No. 03-3096, filed on July 14, 2003, challenges the court's holding in DaSilva that the Jama Action plaintiffs had properly opted out of the Brown Action.

ii) Appeal No. 03-3095, filed on the same date, challenges the court's holding that the plaintiffs in the DaSilva Action properly opted out of the Brown Action[1].

iii) Appeal No. 05-1160, filed on January 14, 2005, challenges the court's November 16, 2004 denial of summary judgment on qualified immunity grounds to the Esmor Defendants.

iv) Appeal No. 05-4007, filed in August 2005 in the Brown Action challenging once again the court's holding that the DaSilva that the Jama Action plaintiffs properly opted out of the Brown Action. The Esmor Defendants explain that "[a]fter settlement and final judgment in the Brown class action, Esmor defendants separately appealed the opt-out Order in order to cure any potential jurisdictional defect in the prior interlocutory appeals" (Esmor brief at p.3).

The court has set a schedule in the Jama Action for prompt submission of experts' reports, experts' depositions, a final pretrial conference and trial. It is these proceedings that the Esmor Defendants seek to stay, contending that a stay pending resolution of the appeals is mandated as a matter of law, or, in the alternative, that a stay should be entered as a matter of discretion.

---

[1] In fact, the court did not hold that the plaintiffs in the DaSilva Action had properly opted out. It extended the time within which the DaSilva Action plaintiffs could file opt-out notices. When the DaSilva Action plaintiffs failed to file such notices within the designated time period the court held that they become members of the Brown Action class and dismissed their individual complaint.

4

## II. **Discussion**

It is the Esmor Defendants' contention that the July 14, 2003 appeals of the court's 2003 opt-out order and the January 14, 2005 appeal of the court's November 16, 2004 order denying the Esmor Defendants qualified immunity deprive the court of jurisdiction over further proceedings concerning expert discovery, trial preparation and trial during the pendency of the appeals. These defendants rely upon Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) and Venen v. Sweet, 758 F2d 117 (3d Cir. 1985). In Griggs the Court recited the general understanding "that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." 459 U.S. at 58. Contrary to the Jama Action plaintiffs' position, Griggs applies to interlocutory orders as well as final orders. Referring to Griggs, the Court of Appeals for this Circuit has stated, "'[d]ivest' means what it says - the power to act, in all but a limited number of circumstances, has been taken away and placed elsewhere." Venen v. Sweet, 758 F2d 117, 120-21 (3d Cir. 1985). (footnote omitted).

The Jama Action plaintiffs rely upon two exceptions to the general rule that the filing of a notice of appeal divests the district court of its control over those aspects of the case involved in the appeal. The first exception is that the district court's jurisdiction is not lost when the appeal is from an order or judgment that is dilatory and frivolous. The second exception arises when an appeal is taken from a non-appealable order. It is necessary to determine whether either of these exceptions apply to the appeals from the opt-out rulings and/or to the appeal from the qualified

immunity ruling.

  1. <u>Frivolousness</u>: One exception to the general rule is that the jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment on a motion that is dilatory and frivolous. <u>United States v. Leppo</u>, 634 F.2d 101, 105 (3d Cir. 1980). The <u>Jama</u> Action plaintiffs strenuously contest the merits of the Esmor Defendants' position on the opt-out issue, and the court has upheld the <u>Jama</u> Action plaintiffs' position. Nevertheless, the defense position is hardly frivolous and merits appellate review at the appropriate time.

  If the order permitting the <u>Jama</u> Action plaintiffs were reversed on appeal the proceedings in this court would change dramatically. There would be no further proceedings in the <u>Jama</u> Action and the nine plaintiffs in that action would become members of the <u>Brown</u> Action class entitled to share in the settlement proceeds. It is true that their recovery under the Settlement Agreement would be substantially less than the sums they hope they would recover if and when they pursued the <u>Jama</u> Action to a successful conclusion. That factor, however, does not bear upon the conclusion that the Esmor Defendants' opt-out appeals are not frivolous.

  The <u>Jama</u> Action plaintiffs also contend that the appeal from the denial of qualified immunity to the Esmor Defendants is frivolous. It is their position that "[w]here an appeal of a collateral order denying qualified immunity is frivolous, 'the district court may ignore the notice of appeal and proceed as if no notice had been filed.'" (Plaintiffs' Brief at 20).

  The <u>Jama</u> Action plaintiffs argue that the interlocutory appeal from the November 16, 2004 order denying summary judgment on qualified immunity grounds to the Esmor Defendants flies in the face of established law and thus is frivolous. They note that this "good faith" immunity is an immunity available only to public officials. <u>Anderson v. Creighton</u>, 483 U.S. 635

(1987). Esmor itself is not a public official and thus is not entitled to qualified immunity. In Richardson v. McKnight, 521 U.S. 399, 412 (1997), the Supreme Court held that prison guards employed by a private prison management firm could not raise qualified immunity as a defense and provided numerous, substantial reasons why public officials should possess qualified immunity and why these reasons were inapplicable to employees of a private corporation.

Although its reasoning may be persuasive, the Richardson decision is not determinative of the status of qualified immunity in the present case. Much of its reasoning applies to a case asserting a claim under the Alien Tort Claims Act, but the Court was applying United States law, and the Supreme Court has held that the question of affirmative defenses under customary international law is a question of international not domestic law. See Sosa v. Alvarez-Machain, 124 S. Ct. 2739, 2766 n. 21 (2004). Although this court considered Richardson's reasoning to be persuasive authority in determining whether the individual Esmor Defendants are entitled to qualified immunity, it is by no means conclusive on this question. Consequently the Esmor Defendants' appeal of the November 16, 2004 order is not frivolous. If the Court of Appeals determined that the individual Esmor Defendants were entitled to a qualified immunity defense to the Alien Tort Claims Act claims, inquiry would have to be made as to whether the facts supported such a defense. If they did, those defendants would no longer be required to participate in the case.

Thus neither the appeals raising the opt-out question nor the appeal addressing the qualified immunity question are frivolous so as to permit this court to continue to exercise jurisdiction in a case in which those questions are involved.

    2. Appealability: Notwithstanding the non-frivolous nature of the Esmor Defendants'

appeals a district court does not lose jurisdiction if an appeal is taken from a non-appealable order, Venen, 758 F.2d at 121.  The Jama Action plaintiffs contend that the Esmor Defendants' appeals of the July 14, 2003 order upholding the opt-out notices do not fall into any of the exceptions to the rule barring appeals of interlocutory orders set forth in 28 U.S.C. §1292(a), nor do they fall within the collateral order doctrine, and therefore these notices of appeal are a nullity.  This is an issue, of course, that is presently before the Court of Appeals.  The Court has called for oral argument on this issue and the Jama Action Plaintiffs have moved in that Court for sanctions against the Esmor Defendants for abusing the judicial process by filing meritless appeals.  It hardly seems appropriate for this court to attempt to resolve an issue which the Court of Appeals appears about to address.

     Further, the Esmor Defendants recently have raised the opt-out issue in an appeal taken from the final judgment in the Brown Action.  The July 2003 order permitting the filing of belated opt-out notices was entered in the Brown Action as it had the effect of determining class membership.  The Jama Action Plaintiffs had not yet opted-out of the Brown Action at the time of the 2003 opt-out order and are bound by orders entered in that case up until the time of their opt-out.  Moreover, the Jama Action plaintiffs intervened in the Brown Action at the time of the August 2005 hearing on the fairness, reasonableness and adequacy of the settlement and are bound by the final judgment in that case.  In fact, they themselves have appealed that judgment.  In their appeal the Esmor Defendants are raising only the opt-out ruling.  Thus the opt-out issue is before the Court of Appeals in an appeal over which that court indisputably has jurisdiction pursuant to 28 U.S.C. §1291.

     Turning to qualified immunity, which the Esmor Defendants address in their appeal in the

8

Jama Action from the court's denial of their motion for summary judgment on that issue, a court of appeals has jurisdiction over an order denying a defendant's claim to a qualified immunity defense. Doe v. Goody, 361 F.3d 232, 237, (3d Cir. 2004) ("Although the litigation below is far from concluded, a denial of qualified immunity . . . falls within the collateral order doctrine that treats certain interlocutory decisions as 'final' within the meaning of 28 U.S.C. §1291"). The rationale for permitting an interlocutory appeal of absolute or qualified immunity rulings is to ensure that a holder of such immunity does not lose its benefits by being forced to undergo pretrial and trial proceedings.

### III. Conclusion

Neither the appeals from the opt-out orders nor the appeal from the order denying the Esmor Defendants the defense of qualified immunity on the Alien Tort Act Claims is frivolous. The Court of Appeals has jurisdiction over the appeal from the order denying the defense of qualified immunity; it has jurisdiction over the appeal of the opt-out order in the Brown Action; it need not be determined on this motion whether the Court of Appeals has jurisdiction over the appeals of the July 2003 opt-out orders, because the Court of Appeals is about to decide that question. In view of these determinations this court lacks jurisdiction to proceed in the present case, the course of which could be substantially affected by the resolution of those appeals.

In view of the age of the Jama Action and the extraordinary efforts which have brought it to a posture where it can be made ready for trial in a relatively short period of time, it is unfortunate that proceedings must be stayed. In light of the appellate proceedings, however, this is the course which must be taken. The Esmor Defendants' motion for a stay of proceedings will be granted without prejudice to the Jama Action plaintiffs' right to move to modify or vacate the

stay after the Court of Appeals has acted upon any of the pending appeals.  The court will file an appropriate order.


October 28, 2005                             /s/ Dickinson R. Debevoise
                                         DICKINSON R. DEBEVOISE
                                                    U.S.S.D.J.