```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

HAWA ABDI JAMA, et al.,        :

       Plaintiffs,             :    Civil Action No. 97-3093(DRD)

  v.                            :

CORRECTIONAL SERVICES           :
CORPORATION,                          **OPINION**
                               :

       Defendants.             :
                               :

_____

    This matter has come before the Court on Notice of Motion by Defendants [Doc. 386-1], Michael D. Rozos, Earline Boyer, Alan Friess, Norman Uzzle, and David McLean ("INS Defendants") presenting a bill of costs and disbursements, pursuant to Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.1; and Plaintiffs Hawa Adbdi Jama, Jeyakumar Anantharajah, Abu Bakar, Abraham Kenneh, Dennis Raji, Agatha Serwaa, Sarah Teteh Yower, Cecilla Kou Jeffrey, and Shamimu Nanteza ("Plaintiffs")[1] having contested same.

    The Court granted final judgment in favor of INS Defendants in this hotly contested matter on February 14, 2005.  Under Federal Rule of Civil Procedure 54(d), a prevailing party is

---

[1]  The Plaintiffs named in this Order are referred to in the litigation as <u>Jama</u> Plaintiffs.  Other named Plaintiffs were dismissed by the Court on September 29, 2004 [Doc. 362].

entitled to costs unless the court otherwise directs.[2]  Rule 54(d) creates a "strong presumption that costs are to be awarded to the prevailing party."  In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 462; see also Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981).  In other words, if the judgment is silent as to costs, the presumption is that costs is taxed against the losing party.  Id.   The INS Defendants are the prevailing party within the meaning of Federal Rule Civil Procedure 54(d).  See 10 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2667 (1998) ("[A] dismissal of the action, whether on the merits or not, generally means the defendant is the prevailing party. . . .  A party who is only partially successful also can be deemed a prevailing party.").  Additionally, the Third Circuit has held that costs can be awarded for depositions used in litigation where summary judgment was granted. In re: Baby Food Antitrust Litigation, 166 F.3d 112 (3d Cir. 1999).  Otherwise, the Court noted, the prevailing party would be penalized for winning in the early stages of the proceedings.  Id. at 139.

---

[2]  Fed. R. Civ. P. 54(d) states in relevant part: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  The Court's final judgment included a statement of reasons wherein it directed Defendants to follow the prescribed procedures for the allowance of costs.  The Clerk finds that this directive was intended to expressly grant costs to Defendants in this matter.

2

Plaintiffs' oppose INS Defendants' motion on two grounds. First, Plaintiffs contend that: a) The motion is time barred under Local Civil Rule 54.1(a); b) The motion fails to specify the specific hour that the application for costs will be made; and c) The motion does not contain a verification or affidavit as required under 28 U.S.C. § 1924 and Local Civil Rule 54.1. Second, they argue that INS Defendants are not entitled to costs because of the complexity of the litigation, the disparity of wealth between the parties, the Plaintiffs' inability to pay costs, and the INS Defendants' dilatoriness and unclean hands. (Pls.' Opp'n filed March 18, 2005.)

The Clerk will initially address Plaintiffs' first ground for opposition. The INS Defendants' motion was filed on March 17, 2005. Plaintiffs' contend that the 30 days in which INS Defendants had to file their motion, under L. Civ. R. 54.1, expired on March 16, 2005. Local Civil Rule 54.1(a) requires the bill of costs and notice of motion be filed "within 30 days after the _entry_ of a judgment allowing costs." (emphasis added). The key word contained in the above sentence is the word "_entry_." In some instances, as in this matter, the "_entry_" date, the date the order or judgment was actually placed on the docket, comes after the "filed" date, the date the Judge issued the order or judgment and filed the document with the Clerk's Office. Rules that require a deadline to act, such as L. Civ. R. 54.1, will require

3

action by the "entry" date as opposed to the filed date.[3]

The record reflects that the Order granting final judgment in this matter was filed on February 14, 2005, but not entered on the docket until February 16, 2005. Accordingly, INS Defendants' motion for costs filed March 17, 2005 is considered timely filed under L. Civ. R. 54.1 because the motion was filed within 30 days after entry of the judgment.

Plaintiffs' next argument is that the motion of INS Defendants should be denied because it failed to specify the time or hour that the motion would be returnable before the Court. While the motion did include a return date, it did not state the hour it would be made, as required under L. Civ. R. 54.1(d). The Clerk will not penalize the moving party for this omission, as it finds the inclusion of the return date sufficient to satisfy the requirement, since the Notice of Motion did include a return date.

Plaintiffs further contend that the motion of INS Defendants should be denied because the motion did not contain an affidavit asserting the accuracy and necessity of the costs as required by

---

[3] Fed. R. App. P. 4(a)(1)(A)(Notice of Appeal must be filed within 30 days from entry of judgment or order); Fed. R. Civ. P. 59(b)(motion for a new trial filed no later than 10 days after entry of judgment); L. Civ. R. 7.1(i)(motion for reconsideration filed within 10 business days from entry of order or judgment).

28 U.S.C. § 1924.  Similarly, L. Civ. R. 54.1(b), requires that:

> Such Bill of Costs shall precisely set forth each item thereof, so that the nature of the charge can be readily understood, and shall be verified by the attorney for the applicant, stating that the (1) the items are correct, (2) the services were actually and necessarily performed, and (3) disbursements were necessarily incurred in the action or proceeding. Counsel shall append to the verified Bill of Costs copies of all invoices in support of the request of each item.

The motion filed by the INS Defendants does not comply with L. Civ. R. 54.1(b) in its entirety.  For example, while the motion does include copies of invoices, it does not describe in any detail whether the services rendered on behalf of those Defendants were actually necessarily performed.  Rather, 26 copies of invoices in the amount of $31,691.25 are annexed to the motion with no explanation.  However, attached to the motion is Court form "AO 133 Bill of Costs" that provides for the signature of the attorney and includes the following language "I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action. . . ."   The Clerk will not deny this motion based on Defendants failure to fully comply with L. Civ. R. 54.1(b) because the attorney's signature on the above-mentioned Court AO form constitutes the necessary verification by the attorney.  Nonetheless, it seems that a party seeking $31,691.25 in costs, would have followed L. Civ. R. 54.1 in its entirety and explain why each expense was necessarily

5

performed in this matter.

The Clerk will now address Plaintiffs' arguments asserted in their second ground, that INS Defendants are not entitled to costs because of the complexity of the litigation, the disparity of wealth between the parties, Plaintiffs' inability to pay costs and the Defendants' dilatoriness and unclean hands. (Pls.' Opp'n filed March 18, 2005.) "[T]he losing party bears the burden of making the showing that an award is inequitable under the circumstances." Paoli, 221 F.3d at 462-63. In determining whether a party meets its burden, the following factors can be considered:

> (1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them. A court may **not** consider (1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be reason not to reduce costs); (2) the complexity or closeness of the issues–in and of themselves–in the underlying litigation; or (3) the relative disparities in wealth between the parties. (emphasis added).
> Id. at 468.

The Clerk is not in the position to address Plaintiffs' arguments that costs should be denied because of INS Defendants' unclean hands, bad faith, and dilatory tactics. This issue is best left with the judicial officer who heard the case. Likewise, the Clerk will also not address Plaintiffs' arguments

that INS Defendants' motion should be denied because of the good faith of the losing party and the relative disparity of wealth between the parties. The Clerk reads Paoli to hold that a court may not consider these two factors when considering whether a costs award is equitable. Even if a Court could consider these two factors, the Clerk, unlike the court, is not in the position to decide them. "The clerk of court's role in taxing costs awards, while quasi-judicial, is essentially ministerial." Id. at 461-62.

The Clerk is of the opinion, however, based on evidence introduced by Plaintiffs, that he is in a position to consider "the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them."[4]  Id. at 468. If the Plaintiffs can introduce evidence of their inability to pay costs, and the "court can articulate reasons within the bounds of its equitable power," costs can be reduced or denied to the INS Defendants. Id. at 468.

All but one Plaintiff are political asylum seekers who escaped their countries and were later detained in New Jersey by the INS. (Pls.' Opp'n filed March 18, 2005.) Penny Venetis, Esquire has represented Plaintiffs in this litigation free of

---

[4]  The decision by the Clerk to determine whether to grant or deny award of costs based solely on the issue of Plaintiffs ability to pay any costs can be considered a "Report and Recommendation" to the Court, if it is decided that the Clerk does not have the legal authority to decide such an issue.

charge for ten years.  She asserts that Plaintiffs have been unable to pay any legal fees or costs of this litigation because of their detention and low paying jobs after their release from detention.  (Venetis Affidavit filed March 18, 2005, Doc. 391-2.)

As mentioned above, Plaintiffs have introduced evidence that they are indigent or unable to pay the large costs requested by INS Defendants.  Each Plaintiff has summarized h/her financial status. (Venetis Affidavit filed March 18, 2005, Doc. 391-2; Venetis Letter/Certifications filed April 25, 2005, Doc. 396.) Additionally, the following Plaintiffs have filed certifications of indigency:  1) Jayakumar Anantharajah, 2) Abu Bakar, 3) Hawa Abdi Jama, 4)Abraham Kenneh, 5) Dennis Raji, 6) Agatha Serwaa, 7) Sarah Tetteh Yower, 8) Cecilia Kou Jeffrey, and 9) Shamimu Nanteza.  (Venetis Affidavit filed March 18, 2005, Doc. 391-2; Venetis Letter filed April 25, 2005, Doc. 396.)  The affidavit of Venetis and her letter filed April 25, 2005, will be attached to this Opinion as Exhibit 1.  A brief summary of Plaintiffs' certifications show the following:

**Jeyakumar Anantharajah**   Anantharajah was detained by the INS[5] for approximately 2 ½ years.  After release, he was employed at McDonalds Restaurant making $7.35 per hour. Plaintiff supports a

---

[5] On March 1, 2003, the U.S. Immigration and Naturalization Service (INS) transitioned into the Department of Homeland Security (DAS) as the U.S. Citizenship and Immigration Services (USCIS).

8

wife and child and sends $200 to $300 per month to support his mother in Sri Lanka. (Venetis Affidavit filed March 18, 2005, Doc. 391-2.)

**Abu Bakar**  Bakar was detained by the INS for approximately 2 ½ years. Plaintiff was granted political asylum by the United States in 1997. He currently rents a house and asserts that he cannot afford to purchase a home. He is employed as a home counselor assisting mentally challenged youths earning $8.00 per hour and averaging 32 hours per week. Plaintiff financially supports a wife and four children. Two of his children are in the United States and the other two are in Africa. Plaintiff also supports his mother who resides in Africa. Id.

**Hawa Adbdi Jama**  Jama was detained at Esmor for about ten months. Upon release from Esmor in June 1995, Plaintiff was taken to the Varick Street Detention Center in New York City. Plaintiff is employed as an aide worker for Community Refugee and Immigration Services, assisting other refugees. She earns approximately $14.00 per hour. Plaintiff does not own a home. She supports a nephew and as of the signing of her certification on March 18, 2005, she was eight months pregnant. Id.

**Abraham Kenneh**  Kenneh was detained for over 2 ½ years. Plaintiff does not own a home. Plaintiff works as a care giver to troubled and disabled youth and earns $9.00 per hour. He is married and supports his wife and a one-year old son. He also

9

supports step children who live with him and his family. One of the step child has Down's Syndrome. In order to support his family, Plaintiff works two jobs. Plaintiff is in poor health due to a heart condition. In addition, he has had heart surgery twice, once in 2003 and once in 2004. Id.

**Dennis Raji**  Raji was detained in various prisons for almost four years. Plaintiff is not employed and is finding it difficult to pay his mortgage. He supports his child, his mother and his fiancee. Id.

**Agatha Serwaa**  Serwaa was released in 1998 after being detained for three months in Esmor for three years and eight months by the INS. Plaintiff does not own a home. Plaintiff works as a home health care worker in which she works 24 hour shifts, seven days each week. Plaintiff makes approximately $550 per week which averages out to approximately $3.27 per hour. Id.

**Sarah Teteh Yower**  Yower was detained by the INS for two years and then deported to Ghana where she currently resides. She has very little income because the average annual wages in Ghana is $220. Id.

**Cecilia Kou Jeffrey**  Jeffrey was detained by the INS for approximately 2 ½ years. She lives in a housing project in Staten Island, New York. She does not own a house nor is she financially able to purchase one. Plaintiff works as a housekeeper and a home care provider making $9.00 per hour.

Plaintiff has two children in college whom she still supports. Additionally, she supports a three-year old grandson who lives with her. Plaintiff has suffered from health problems including surgeries which forced her to stay out of work for two months. While she was able to use vacation time for a two week period, she was forced to go without pay for the other weeks where she was not able to work. (Venetis Letter/Certifications filed April 25, 2005, Doc. 396.)

**Shamimu Nanteza** Nanteza was detained by the INS for three years. Plaintiff was deported to Uganda in 1997 where he currently resides. Plaintiff lives with a friend because he cannot afford to live on his own, pay rent or buy food. Id.

The Clerk, upon review of all nine certifications filed in this matter by Plaintiffs, determines that each Plaintiff has met h/her burden under the Paoli case by introducing evidence showing that each Plaintiff is indigent and would be unable to pay any costs to the INS Defendants. Any money judgment entered against the Plaintiffs in this litigation would result in a serious financial hardship on behalf of Plaintiffs. The Clerk further determines that to award costs in this case against Plaintiffs would be unjust or inequitable under the circumstances of this matter.

For the reasons set forth above, motion of INS Defendants to tax costs against Plaintiffs in this matter is hereby denied in its entirety.  An appropriate Order follows.


                              WILLIAM T. WALSH, CLERK

                              BY: S/John T. O'Brien, Esq.
                                  Deputy Clerk


March 17, 2006