**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HAWA ABDI JAMA, et al. | : | Civ. No. 97-3093(DRD) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ESMOR CORRECTIONAL SERVICES, | : | **O P I N I O N** |
| INC., et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

Penny M. Venetis, Esq.
Rutgers Constitutional Litigation Clinic
123 Washington Street
Newark, New Jersey 07102

Mary Beth Hogan, Esq.
Derek S. Tarson, Esq.
Debevoise & Plimpton, LLP
919 Third Avenue
New York, New York 10022
       Attorneys for Plaintiffs

Steven D. Weinstein, Esq.
New Jersey Resident Partner
Joseph N. Cordaro, Esq.
Blank Rome LLP
Woodland Falls Corporate Park
210 Lake Drive E., Suite 200
Cherry Hill, New Jersey 08002

Larry S. Reich, Esq.
Blank Rome LLP
405 Lexington Avenue
New York, New York 10174

Frank R. Volpe, Esq.

Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005
      Attorneys for Defendants, Correctional Services
      Corporation, James Slattery, Richard Staley,
      John Lima, and Aaron Speisman.

**Debevoise, Senior District Court Judge:**

On June 25, 2007 the court granted the motion of Plaintiffs' attorneys, the Rutgers

Constitutional Litigation Clinic (the "Rutgers Clinic") and Debevoise & Plimpton, LLP

("D&P"),[1] for sanctions for Defendant's failure to comply with discovery requests in connection

with Defendants' expert witness, Stuart Grassian, M.D.  Plaintiffs' attorneys moved initially for

the payment of fees in the amount of $37,582.75 and expenses in the amount of $2,668.54 to the

D&P firm and fees in the amount of $107,280.00 to the Rutgers Clinic.

In a supplemental submission the Plaintiffs' attorneys reduced by $4,693.50 their initial

request for attorneys' fees, and in a still further submission they sought additional attorneys' fees

for responding to Defendants' objections in the amount of $20,963.50 ($7,000 for the Rutgers

Clinic and $13,963.50 for D&P).  The final request, rounded off, is for $163,801.00 for fees and

expenses.

The request is supported in meticulous detail by the certifications of Derek S. Tarson,

Esq., of D&P and Penny M. Venetis, Esq., of the Rutgers Clinic, in which the hours and tasks of

the attorneys and students working on the Grassian motion are set forth.  Tarson's original

certification set forth the following information concerning the D&P fee application:

---

[1]  The judge handling this case has no relationship and never has had any relationship to
the law firm of Debevoise & Plimpton LLP.

## LIST OF ATTORNEYS AND PARAPROFESSIONALS

| Professional | Role | Year Graduated | Billing Rate (per hour) | Total Hours | Total Amount (Lodestar) |
|---|---|---|---|---|---|
| **ATTORNEYS** | | | | | |
| Mary Beth Hogan | Partner | 1990 | 825 | 0.3 | $247.50 |
| Justin P. Smith | Associate | 1999 | 580 | 0.3 | $174.00 |
| Jason R. Abel | Associate | 2001 | 515 | 3.5 | $1,802.50 |
| Drew M. Dorman | Associate | 2004 | 435 | 28.8 | $12,528.00 |
| Derek S. Tarson | Associate | 2004 | 435 | 47.7 | $20,749.50 |
| **PARAPROFESSIONALS** | | | | | |
| Laurel B. Lambert | Senior Litigation Case Manager | 225 | 9.25 | | $2,081.25 |
| **TOTALS** | | | | **89.85** | **$37,582.75** |

A supplemental Tarson certification was submitted in support of the application of additional fees in the amount of $13,963.50 on account of 32.1 hours Tarson expended preparing additional support for Plaintiffs' fee application, including drafting Plaintiffs' reply brief and certifications. Tarson also withdrew $4,695.50 from the initial request of D&P and the Rutgers Clinic.

The hours, rates and total fees requested initially on account of work of Rutgers Legal Clinic personnel were as follows.[2]

---

[2] Ms. Venetis is Clinical Professor of Law, Clinical Scholar and Co-Director of the Constitutional Litigation Clinic at Rutgers Law School. Messrs. Lambert, Orr and Parr were Rutgers Law School students working under the direction of Ms. Venetis.

3

| Penny Venetis | 183 hours @ $400 | $73,200.00 |
| Reynold Lambert | 225 hours @ 120 | $27,000.00 |
| Asaf Orr | 15.25 hours @ 120 | $1,830.00 |
| Nicholas Parr | 43.75 hours @ 120 | $5,250.00 |
| **Total** | | **$107,280.00** |

A supplemental Venetis certification was submitted in support of the Rutgers Clinic's application for an additional fee in the amount of $7,000 on account of her work expended preparing the response to Defendants' opposition to the fee application.

Defendants challenge the application as "grossly unreasonable and even abusive given the limited scale of the issues for which Plaintiffs were granted fee shifting." (Defendants' Brief at 1-2). Defendants overlook the context in which this fee award was granted. Defendants had engaged in spoliation of evidence in connection with an important expert witness in this extraordinarily complex case which consumed ten years of motions and discovery. The nature of the case is disclosed in the numerous opinions which it has spawned and, in particular, in the court's June 25, 2007 Daubert opinion in which the spoliation issue arose in connection with the admission of Dr. Grassian's expert testimony. I have examined the time sheets of each lawyer and student who performed services in connection with the discovery motion and the application for fees, and, extensive as those labors were, in the context of this unusual case, they were reasonably necessary.

Besides their general objection to the totality of the fee request, Defendants raise specific objections. The first such objection is to the rates that the lawyers and students apply in pursuing the application, arguing that "Plaintiffs seek billing rates that far exceed those prevailing in New

4

Jersey . . . and it would be unreasonable to award attorney's (sic) fees for the nonessential work performed by law students in this case as part of an educational clinical program." (Defendants' Brief at 2). Defendants urge that Plaintiffs' attorneys should be compensated at the rate of $250 for partners, $125 for associates, $85 for paralegals and $0 for law students.

It required unusual legal expertise to litigate this case. Ms. Venetis during her many years litigating sophisticated civil rights and other complex cases had this expertise. The D&P law firm had particular expertise in the field of the Alien Tort Claims Act ("ATCA"), which was an important component of this case, and it had the legal and financial resources to enable it to engage in this litigation on a pro bono basis, with little expectation of ever recovering anything on account of the legal services it performed and the heavy expenditures it incurred. The particular motion that occasioned this attorneys' fee award was integral to the overall complex case, and the rates should not fluctuate as the case moves from one phase to another. The differing degrees of skill required are reflected in the experience of the attorneys or students assigned to a task.

Defendants are in error when they argue that the attorney rates should be those that prevail generally in New Jersey. Rather the rates must be those charged by law firms in the Newark metropolitan area that engage in difficult, sophisticated litigation. Ms. Venetis, whose role is comparable to that of a senior partner at such a law firm, has presented data fully supporting her $400 hourly rate. She has submitted certifications of senior attorneys at major New Jersey firms and other evidence that confirms the reasonableness of that rate.

The rates sought on account of the D&P attorneys are their usual rates and are comparable to rates of similarly experienced New York City attorneys. The fact that they are

performing their services on a pro bono basis in this case is no reason to discount these rates.

A question arises as to whether the D&P rates should be revised to reflect Metropolitan New Jersey rates, which are somewhat lower than New York City attorney fee rates. Plaintiffs argue that D&P lawyers "are also entitled to full [New York] fees because their firm is willing to absorb large costs associated with litigating such a complex matter with the knowledge that their costs may never be recovered" (Reply Memo at 7). Plaintiffs also contend that for other reasons D&P is not within the Forum Rates Rule. D&P's willingness to take on a case such as this without compensation represents an extraordinary example of public service, but as a matter of principle it would seem the better practice to apply the forum rate rule.

To accomplish that I will apply the fees awarded to the major Newark law firm of Sills Cummis in a Rule 37 case, 2007 U.S. Dist. LEXIS 44225, at *12 - *16. Those fees will be:

| | |
|---|---|
| Mary Beth Hogan | $600 |
| Justin P. Smith | $335 |
| John R. Abel | $300 |
| Drew M. Dorman | $235 |
| Derek S. Tarson | $235 |
| Laurel B. Lambert | $200 |

With this adjustment the original D&P fee request will be modified to reflect the following award:[3]

---

[3] Dorman's time reflects the withdrawal of .7 hours from the original request, and Tarson's time reflects the withdrawal of 8.5 hours from the original request.

## LIST OF ATTORNEYS AND PARAPROFESSIONALS

| Professional | Role | Year Graduated | Billing Rate (per hour) | Total Hours | Total Amount (Lodestar) |
|---|---|---|---|---|---|
| **ATTORNEYS** | | | | | |
| Mary Beth Hogan | Partner | 1990 | 600 | 0.3 | $180.00 |
| Justin P. Smith | Associate | 1999 | 335 | 0.3 | $100.50 |
| Jason R. Abel | Associate | 2001 | 300 | 3.5 | $1,050.00 |
| Drew M. Dorman | Associate | 2004 | 235 | 28.1 | $6,603.50 |
| Derek S. Tarson | Associate | 2004 | 235 | 39.2 | $9,212.00 |
| **PARAPROFESSIONALS** | | | | | |
| Laurel B. Lambert | Senior Litigation Case Manager | 200 | 9.25 | $1,850.00 | |
| **TOTALS** | | | | **80.65** | **$18,996.00** |

Tarson's supplemental request for compensation for 32.1 hours spent responding to Defendants' opposition to the fee request will be compensated at the rate of $235 per hour, resulting in an additional award of $7,543.50 instead of $13,963.50.  With the adjustments in the attorneys' fee rates, the total application of D&P on account of attorneys' fees is $26,539.50.

The $120 rate for compensating Rutgers students seems somewhat excessive, considering that their legal work also represented a part of their legal education.  An appropriate rate is $100 per hour.  This will result in compensation on account of Rutgers students as follows:

| | | |
|---|---|---|
| Reynold Lambert | 225 hours @ $100 | $22,500.00 |
| Osaf Orr | 15.25 hours @ $100 | $1,525.00 |
| Nicholas Parr | 43.75 hours @ $100 | $4,375.00 |

With the request on account of Ms. Venetis remaining at the $400 per hour rate the original Rutgers Clinic award is $101,600,  to which must be added the $7,000 on account of Ms. Venetis's work on the response to Defendants' opposition to the fee application, for a total award of $108,600.

After those attorney fee adjustments have been made, and subject to consideration of Defendants' other objections, the total award is:

| | |
|---|---|
| D&P attorneys' fees | $ 26,539.50 |
| D&P expenses | $  2,668.54 |
| Rutgers Clinic's attorneys' fees | $108,600.00 |
| Total | $137,808.04 |

Defendants object to the total time spent for the following tasks as unreasonably excessive, redundant and unnecessary:

1.  Researching and drafting opening and reply briefs (329.9 hours/$61,598.75).

2.  Correcting Plaintiffs' own mistakes (3.7 hours/$1,557).

3.  3.5 hour Grassian re-deposition (99 hours/$34,630).

4.  Drafting fee application (68.1 hours/$18,003.50).

5.  Drafting letters to Court requesting conference call and outlining dispute (38.95 hours/$15,727).

6.  Drafting letter requesting documents (19.95 hours/$8,384), including February 1, 2007, five-page letter regarding Dr. Grassian discovery issues (17.1 hours/$7,223).

7.  Faxes, proofreading and duplicating ($1,487.61).

8.  Costs in the amount of $2,668.54 (including $872.82 for faxes; $541.20 for

8

proofreading and $73.59 for photocopying on January 11, 2007.

Plaintiffs have submitted a reply brief and a supplemental certification of Mr. Tarson in support of the reasonableness of the time for which compensation is sought. They have been unable to reconcile the figures that Defendants advance, but defend the total hours for which they seek compensation in each category of work or expenditure that Defendants list.

Plaintiffs' attorneys, students and the case manager spent a total of 249.2 hours preparing the moving papers, as reflected in the original certifications. This included legal research, drafting the opening brief, drafting the notice of motion, and assembling exhibits and preparing them in PDF format for electronic filing. Plaintiffs' attorneys and case manager expended a total of 56.3 hours preparing the reply papers, including legal research, drafting the reply brief and supporting certification, assembling exhibits and preparing them in PDF format for electronic filing. The time expended for each of these tasks is reasonable and should be compensated. The requested amount of the compensation has been reduced by virtue of the reduction in rate awarded to certain of the attorneys and students.

The time required to redepose Dr. Grassian was augmented by Defendant's delay in providing an errata sheet for Dr. Grassian's first deposition, resulting in correspondence and telephone conferences. The total attorney and student time to prepare for and take Dr. Grassian's renewed deposition was 63.85 hours. This included the time expended studying with care the four drafts of Dr. Grassian's report and comparing them to the final report, an effort that was rewarded with the discovery that another draft existed, which Defendants produced after the motion for sanctions had been filed. In view of the difficulty in obtaining full compliance with Defendants' discovery obligations and the importance and complexity of Dr. Grassian's report

9

and testimony, this preparatory time was not excessive.  Nor was the attorney and student time spent at the deposition and engaging in an analysis of its results excessive, as explained in Ms. Venetis's Supplemental Certification.

To prepare the fee application relating to this six months discovery dispute, students had to sort through time sheets to extract the entries for which recovery was authorized.  Parr spent 34 hours searching through two sets of time sheets for all students who worked on the case during the relevant period.  D&P's billing records are computerized, but Mr. Tarson required 5.2 hours to review these records for the relevant entries and 6.9 hours to draft the application. These hours are reasonable.

It is unnecessary to discuss each letter to the court or requesting documents as to which Defendants contend unreasonable time was spent.  In her reply memorandum Ms. Venetis adequately explains as to each challenged letter the reasons why it consumed the time asserted. Some were in the nature of briefs; some required reference to other materials when drafting them; many involved critical subjects and required consultation with co-counsel and redrafting.

Mr. Tarson's Supplemental Certification explains the need for expenses for which D&P seeks reimbursement.  For example the December 1, 2006 $779.22 faxing charge resulted from Plaintiffs' counsel's letter to the court seeking intervention because Defendants had failed to agree to the re-deposition of Dr. Grassian despite the fact that Defendants' counsel produced documents a month after Dr. Grassian's deposition.  The letter had numerous exhibits and totaled 111 pages.  To provide timely notice, Plaintiffs' faxed the letter to all six of Defendants' counsel. Faxing 666 pages at $1.17 per page totals the $779.22 fax charge of December 1, 2006.

The drafts of Dr. Grassian's reports that were not turned over had to be reproduced,

10

incurring charges at the D&P word processing department, and comparing the various newly

produced drafts with each preceding draft resulted in the $541.20 proofreading expense.  D&P

sought its costs for duplicating documents rather than the usual charge for such services.

     A review of the original papers filed in support of the application for attorneys' fees and

costs and the supplemental brief and certifications leads to the conclusion that both the time

expended and the expenditures incurred were reasonably necessary.  The services should be

compensated at the rates previously set.

<u>**Conclusion**</u>

     Plaintiffs' motion for an order awarding them attorneys' fees and expenses will be

granted in the total amount of $137,808.04.  The court will file an appropriate order.



                    **/s/ Dickinson R. Debevoise**
                    DICKINSON R. DEBEVOISE
                      U.S.S.D.J.

November 20, 2007